UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
BRENDA SINGH,

                          MEMORANDUM AND ORDER

            Plaintiff,             CV 08-4670

  -against-                      (Wexler, J.)

RAY LAHOOD, Secretary of
Transportation of the United States
Department of Transportation,

            Defendant.
------------------------------------------------------X
APPEARANCES:

    SEIDNER & VIRDONE, LLP
    BY: JOHN VIRDONE, ESQ.
    Attorneys for Plaintiff
    19 Park Avenue
    Manhasset, New York 11030

    LORETTA E. LYNCH, UNITED STATES ATTORNEY
    BY: ROBERT W. SCHUMACHER, ESQ.
    ASSISTANT UNITED STATES ATTORNEY
    Attorneys for Defendant
    610 Federal Plaza
    Central Islip, New York 11722

WEXLER, District Judge

      Plaintiff, Brenda Singh ("Plaintiff"), an employee of Defendant United States Department of Transportation ("Defendant" or the "DOT"), commenced this case alleging gender-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Plaintiff is a female who claims that she was denied the same employment opportunities as her male counterparts, and was retaliated against when she complained of that treatment.

1

Presently before the court is Defendant's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

## BACKGROUND

I. Background

Plaintiff is a female who has been employed at the DOT since 2002, as an Environment Protection Specialist and Safety and Environmental Compliance Manager ("SECM"). In 2006, Plaintiff was working at the Liberty Systems Management Office ("SMO") of the Federal Aviation Administration ("FAA"). Plaintiff alleges that Christopher Shannon ("Shannon"), Plaintiff's immediate supervisor, and Alan Gershon ("Gershon"), the supervisor at the SMO, discriminated against her in the terms of her employment. Specifically, Plaintiff alleges that she was denied opportunities for training that would have advanced her position. She argues that similarly situated male employees were given the training that Plaintiff was denied. Plaintiff's claim of retaliation is based upon the allegation that she was denied a day off, and payment of a "Superior Contribution Increase," after she made her complaint of discrimination to the EEOC.

II. The Motion

Defendant moves for summary judgment on the principal ground that Plaintiff cannot show disparate treatment on account of her gender. Specifically, Defendant argues that Plaintiff cannot point to a similarly situated male employee who was given the training requested by Plaintiff. In support of this argument, Defendant notes that no male employee referred to by Plaintiff reported to the same supervisor as Plaintiff, thereby defeating any claim of similarity. Plaintiff counters that because she is the only SECM employed at Liberty she cannot point to a similarly supervised male employee. She argues, however, that males in similar positions at

other FAA offices received more favorable employment treatment.

Defendant's motion also argues that Plaintiff can show neither treatment amounting to a hostile working environment, nor a change in employment conditions sufficient to state a claim for retaliation.

## Disposition of the Motion

Plaintiff alleges that she was treated differently from similarly situated male employees. To sustain this claim, Plaintiff need not prove that male employees were in circumstances identical to those of Plaintiff. She must show, however, that those males were similarly situated to Plaintiff in all "material respects." McGuinness v. Lincoln Hall, 263 F.3d 49, 53-54 (2d Cir. 2001). The issue of whether Plaintiff and others identified report to the same supervisor is not necessarily determinative. See McGuinness, 263 F.3d at 53-54. Generally, the issue of similarity is a factual matter for the trier of fact. Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003).

Applying the standards above to this matter convinces the court that summary judgment must be denied. Issues of fact exist as to whether Plaintiff was treated differently from similarly situated male employees. While Defendant relies on the fact that Plaintiff cannot point to any employee treated differently by the same supervisors as Plaintiff, Plaintiff notes that this factor cannot be determinative. Nor can the court determine important facts regarding the scope of Plaintiff's employment duties, and whether Defendant acted properly in any of its employment decisions with respect to Plaintiff. The court therefore denies the motion for summary judgment dismissing Plaintiff's claim of unequal treatment.

The court similarly rules that it cannot determine the issue of retaliation in the context of

this motion. Issues of fact regarding the nature of the alleged employment actions and the reasons for Defendant's employment decisions cannot be determined in the context of this motion. Finally, with respect to allegations of a hostile working environment, the court notes that while the parties have argued the merits of such a claim, Plaintiff's complaint appears to nowhere allege a separate hostile environment cause of action. The facts presently before the court do not appear to support a claim that rises to the level of a gender-based hostile working environment. In any event, and in view of the act that this matter is proceeding to trial, the court will deny the motion to dismiss the claim of a hostile working environment at this time. A motion summarily dismissing that claim, along with all other claims can be renewed at the close of the Plaintiff's case.

## CONCLUSION

Defendant's motion for summary judgment is denied. Counsel are reminded that this case is scheduled for jury selection on July 25, 2011 at 8:30 A.M.

The Clerk of the Court is directed to terminate the motion for summary judgment.

SO ORDERED.

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 6, 2011